UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

APRIL MAY RING,
    Plaintiff,                                                            Civil Action No. 1:04-cv-538

    vs.

ONE FORCE STAFFING/LABOR
SOLUTIONS, et al.,                                  **ORDER**
    Defendants.                                          (Weber, J.; Hogan, M.J.)

This matter is before the Court on the motion of defendant One Force Staffing/Labor Solutions (One Force Staffing) for an order compelling arbitration and staying all proceedings (Doc. 27), plaintiff's affidavit and response in opposition thereto (Docs. 28, 29), and plaintiff's motion for leave to file corrected documents out of time. (Doc. 30).

For good cause shown, plaintiff's motion for leave to file corrected documents out of time (Doc. 30) is **GRANTED**.

Plaintiff brings this action under the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq., alleging she was discharged from her employment with One Force Staffing because of her disability, deafness. She alleges she was a full time employee with One Force Staffing from April 8, 2003 until April 30, 2003, the date of her discharge. Plaintiff alleges that her supervisor, a One Force Staffing employee who monitored the temporary employees One Force Staffing placed at defendant Quality Associates, informed her that "Quality Associates did not want her to return because she could not communicate because of her disability." (Doc. 22, ¶18). Plaintiff seeks injunctive and monetary relief.

Defendant One Force Staffing seeks an order compelling arbitration of plaintiff's claims against it and staying all proceedings pending arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1. Defendant asserts that plaintiff, as a condition of her employment at One Force Staffing, signed an employment application pursuant to which she agreed to resolve all disputes arising out of her employment, including any claims of discrimination, harassment or wrongful termination, by arbitration. Section V. of the Employment Application is entitled "NOTICE AND ACKNOWLEDGMENT" and provides in pertinent part:

> I agree that any disputes that arise out of my employment, including any claims of discrimination, harassment, or wrongful termination will be resolved by arbitration. The American Arbitration Association under its Commercial Arbitration rules shall conduct the arbitration and the decision of the arbitrators shall be final and binding.

(Doc. 27, Exh. A). On the signature page, immediately above the signature line, the following language appears:

> I HAVE COMPLETELY READ AND UNDERSTAND THE INFORMATION CONTAINED IN THIS EMPLOYMENT APPLICATION, THE ATTACHED WORKFORCE SAFETY SHEETS, AND THE TERMS AND CONDITIONS POSTED ON THE RULES AND POLICIES BOARD. WITH MY SIGNATURE I ACKNOWLEDGE AND AGREE WITH ALL THE TERMS AND CONDITIONS AS A STIPULATION OF MY EMPLOYMENT. I HEREBY ACCEPT AND AGREE TO THE TERMS SET FORTH HEREIN

(Doc. 27, Exh. A). Plaintiff states she did not understand that One Force Staffing "had the power to force [her] not to pursue a complaint for discrimination in Federal Court" or that she would be bound by an employment agreement with One Force Staffing during her employment with Quality Associates. (Doc. 28, ¶¶13, 16-17). Plaintiff states she believes a person without her "particular physical handicap or a corporation might be better able to hold its own against the Defendant" and that she will be at a severe disadvantage if forced to arbitrate this matter. (Doc.

28, ¶14).  She also states she believes the rules of arbitration unfairly favor the defendant. (Doc. 28, ¶15).  For the reasons that follow, defendant's motion is granted.

The Federal Arbitration Act (FAA) declares that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  Agreements to arbitrate employment disputes are generally enforceable under the FAA, *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 109 (2001), and federal statutory employment discrimination claims can be subject to arbitration. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991).  The arbitration of statutory claims is acceptable because "by agreeing to arbitrate a statutory claim, a party does not forego the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Gilmer*, 500 U.S. at 26.  "[A]ny doubts regarding arbitrability should be resolved in favor of arbitration." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003), citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983).

The Court looks to state law principles in determining whether arbitration agreements are enforceable against the plaintiff. *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 666 (6th Cir. 2003).  Plaintiff argues that the arbitration provision is unconscionable and that forcing her to arbitrate her claim will place her at an impossible disadvantage because of her hearing impairment.  Under Ohio law, the unconscionabilty doctrine has two components:

> (1) substantive unconscionabilty, *i.e.*, unfair and unreasonable contract terms, and
> (2) procedural unconscionabilty, *i.e.*, individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible.  Both elements must be present to find a contract unconscionable.

3

*Morrison*, 317 F.3d at 666, quoting *Jeffrey Mining Prods., L.P. v. Left Fork Mining Co.*, 143 Ohio App.3d 708, 758 N.E.2d 1173, 1181 (2001)(quotation omitted); *accord Dorsey v. Contemporary Obstetrics & Gynecology, Inc.*, 113 Ohio App.3d 75, 680 N.E.2d 240 (1996).

> In determining procedural unconscionability, Ohio courts look to "factors bearing on the relative bargaining position of the contracting parties, including their age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, and whether alterations in the printed terms were possible." *Cross v. Carnes*, 132 Ohio App.3d 157, 724 N.E.2d 828, 837 (1998). "The crucial question is whether 'each party to the contract, considering his obvious education or lack of it, [had] a reasonable opportunity to understand the terms of the contract, or were the important terms hidden in a maze of fine print ...?'" *Ohio Univ. Bd. of Trs. v. Smith*, 132 Ohio App.3d 211, 724 N.E.2d 1155, 1161 (1999) (quoting *Williams v. Walker-Thomas Furniture Co.*, 350 F.2d 445, 449 (D.C. Cir. 1965), and *Lake Ridge Acad. v. Carney*, 66 Ohio St.3d 376, 613 N.E.2d 183, 189 (1993)) (alterations in original).

*Morrison*, 317 F.3d at 666.

In the instant case, plaintiff states she has been deaf since birth. However, she fails to present evidence of her age, education, intelligence, business acumen or experience in employment matters. Thus, the Court is without any evidence showing plaintiff's particular circumstances prevented her from understanding the terms of the contract, including the arbitration provision. In Ohio, once a party has signed an agreement, it is presumed that she has accepted its terms. *See Scovill v. WSYX/ABC, Sinclair Broadcast Group, Inc.*, 312 F. Supp.2d 955, 962 (S.D. Ohio 2004), *aff'd in part, rev'd in part on other grounds*, __ F.3d __, Case No. 04-3630, 04-3683, 2005 WL 2454626 (6th Cir. Oct. 06, 2005). Plaintiff has not shown fraud, deception or other misconduct by defendant in order to prove the arbitration agreement is invalid. *See Pippen v. M.A. Hauser Enter., Inc.*, 111 Ohio App.3d 557, 564, 676 N.E.2d 932, 937 (Ohio. App. 1996) (a contracting party must make "a reasonable effort to know its contents

and cannot, in the absence of fraud or mutual mistake, avoid the effect of the contract"). *See also Haskins v. Prudential Ins. Co. of America*, 230 F.3d 231, 235 (6th Cir. 2000) (overruled on other grounds by Morrison v. Circuit City Stores, Inc., 317 F.3d 646 (6th Cir. 2003) (en banc)). Thus, the Court does not find the arbitration provision to be unconscionable.

Plaintiff also contends the placement of the arbitration provision on the fourth page of the employment application hindered her understanding of the agreement. The Court disagrees. The arbitration provision is listed as the second paragraph on the signature page appearing under the heading "Notice and Acknowledgment." The provision is clear in its terms, readily identifiable, and not "hidden" in a maze of fine print.

Finally, plaintiff contends the employment agreement amounts to an adhesion contract and therefore the arbitration provision is unenforceable. "An adhesion contract exists when a party with little or no bargaining power is required to submit to terms to which he has no choice." *Gonzalez v. Rent-A-Center*, Inc., 2005 WL 1353883, *4-*5 (N.D. Ohio 2005), citing *Nottingdale Homeowners' Assn., Inc. v. Darby*, 33 Ohio St.3d 32, 37 n. 7, 514 N.E.2d 702, 707 n.7 (1987); *Hilb, Rogal & Hamilton Agency of Dayton, Inc. v. Reynolds*, 81 Ohio App.3d 330, 339, 610 N.E.2d 1102, 1107 (1992). While plaintiff suggests she is at a disadvantage because of her hearing impairment, she has failed to present evidence showing "a vast disparity" in bargaining power. *Scovill v. WSYX/ABC, Sinclair Broadcast Group, Inc.*, __ F.3d __, Case No. 04-3630, 04-3683, 2005 WL 2454626, *4 (6th Cir. Oct. 06, 2005). The "mere inequality of bargaining power . . . is not a sufficient reason to hold that arbitration agreements are never enforceable." *Gilmer*, 500 U.S. at 33. *See also Beauchamp v. Great West Life Assurance Co.*, 918 F. Supp. 1091, 1098 (E.D. Mich. 1996) (responding to a balance-of-power argument, the

court stated that "[u]nder plaintiff's theory, practically every condition of employment would be an 'adhesion contract' which could not be enforced because it would have been presented to the employee by the employer in a situation of unequal bargaining power on a 'take it or leave it' basis"). Plaintiff has failed to present evidence showing she could not have worked elsewhere without signing defendant's employment application containing the arbitration agreement. "[A]dhesion contracts do not exist where applicants have a choice of where to apply for a job." *Morrison v. Circuit City Stores, Inc.,* 70 F. Supp.2d 815, 822 (S.D. Ohio 1999), *aff'd on other grounds*, 317 F.3d 646 (2003). Even if plaintiff could not have worked for defendant, she very well may have been able to work elsewhere. Accordingly, the Court rejects plaintiff's contention that the agreement was an adhesion contract.

For the foregoing reasons, the Court finds the arbitration agreement is enforceable and **GRANTS** the motion of defendant One Force Staffing/Labor Solutions for an order compelling arbitration and staying all proceedings (Doc. 27).

**IT IS SO ORDERED**.


Date: 10/25/2005                                         s/Timothy S. Hogan
                                                         Timothy S. Hogan
                                                         United States Magistrate Judge